# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# Case No: 5:17-CV-00187-BO

| | |
|---|---|
| PASSPORT HEALTH, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AVANCE HEALTH SYSTEM, INC., )<br>)<br>Defendant. ) | REPLY IN SUPPORT OF MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT |

Plaintiff Passport Health, LLC ("Passport"), through counsel, hereby submits this Reply in Support of Motion for Partial Summary Judgment ("Motion") against Defendant Avance Health System, Inc. ("Avance").

For its response, Avance clouds the issue of liability for trademark infringement with extensive discussion of damages as well as a litany of excuses for why Passport's motion should fail. The only real question before this Court in Passport's Motion for Partial Summary Judgment is whether Avance advertised identical services to near-identical consumers using a mark which is identical to Passport's federally registered, incontestable mark. Avance offers four responses to this question: 1) Avance did such a poor job of trademark infringement that rather than consider magnitude of infringement as part of damages, Avance should be released from liability altogether; 2) Passport inadvertently omitted a few words on a declaration of a witness who Avance deposed, causing no prejudice, surprise, etc.; 3) counsel for Passport enlarged the image of the infringing advertisement, without altering the infringing advertisement itself, so Passport has no evidence to support is claims; and 4) Avance paid someone else to do its trademark infringement while turning a blind eye, so it cannot be responsible for trademark

infringement. None of these excuses are availing.

Accordingly, Passport respectfully maintains its request that the Court 1) grant partial summary judgement that Avance has infringed Passport's registered trademarks for PASSPORT HEALTH (the "Marks"); 2) grant partial summary judgment that Avance has violated North Carolina state law prohibiting unfair and deceptive trade practices; 3) grant partial summary judgment dismissing Avance's defenses of unclean hands, wavier, laches, and estoppel; and 4) enter an order enjoining Avance's further use of the Marks. Such an order would leave only the hotly contested issue of the appropriate measure of damages to resolve a trial, no more.

Avance continues to misconstrue this case as a mistaken placement of an ad on an obscure search engine that only generated 41 clicks. ECF No. 73, at 2. First, by its own admission those 41 clicks are the limited records it possesses and has produced, not the full record of actual number of search engine results. *Id.* Second, Bing is not the only search engine on which this infringing advertisement appeared and Avance has testified confirming the same. Ex. A, Deposition of Avance, May 18, 2018, at 96. This infringing advertisement was also displayed on Yahoo. *Id.* Avance has explained this placement as direct result of the partnership between Bing and Yahoo whereby the ads placed on one search engine show up on the other. *Id.* Magnitude of the infringement—how many times it happened, in front of how many people, and on exactly which search engines—all go to damages, thus Passport did not focus on this evidence when moving for summary judgment as to liability for trademark infringement. However, Avance continues to misconstrue this as a minor case of 41 clicks on Bing, which is disingenuous at best, and now calls into question the authenticity of the same exhibit which it previously authenticated in deposition. Ex. B, Deposition of Avance, June 23, 2017, at 120-22.

Avance first argues that Passport failed to submit admissible evidence in support of its

motion. As to the declaration of Lindsey Corbin, a witness for Passport who Avance deposed individually and as a corporate representative of Passport, an inadvertent oversight resulted in the use of the wrong "form language" for the declaration. Pursuant to 28 U.S.C. § 1746, declarations must state they are made "under penalty of perjury that the foregoing is true and correct." Ms. Corbin instead used the language that she "hereby states" and then signed, which did not comply with the rote requirements of § 1746. However, the substance of her declaration is consistent with the deposition testimony she gave under oath, and an updated declaration is submitted herewith to aver that all previous statement were true and correct under the penalty of perjury. Ex. C. Avance has suffered no prejudice from this inadvertent mistaken and it is resolved with the updated declaration. As to the accusations that Ms. Corbin's declaration contains hearsay, Passport contends that the language of the declaration makes it sufficiently clear that in her capacity as the Vice President of Contracts & Franchise for Passport, she is testifying from her personal knowledge on these matters, which are at the core of her professional responsibilities. Avance offers no specific examples, only the broad generalization that the declaration contains hearsay, so Passport is limited to a similarly generalized reply—it does not.

Avance's next evidentiary accusation is that the example of the infringing advertisement Passport has relied on in its motion, and which Avance authenticated during deposition, is not a fair depiction and should be ignored completely. First, the infringing advertisement has not been modified. It was enlarged to ease viewing of the advertisement. Whether an advertisement is likely to cause confusion, and thus constitutes trademark infringement, is based on the advertisement itself, which can now be clearly seen in the image. Passport's claim for trademark infringement does not rely on any comparison of Avance's advertisement to anything else in the

3
Case 5:17-cv-00187-BO   Document 75   Filed 09/04/18   Page 3 of 10

world. The claim rests entirely on the advertisement itself, which uses Passport's registered trademark identically. No comparison is needed, and Avance's argument that "Passport Health Clinic" being enlarged is prejudicial or out of context is irrelevant. However, for the sake of thoroughness, another version of the same infringing advertisement, also authenticated by Avance during deposition, is submitted herewith as Exhibit D. *See* Ex. A, Deposition of Avance, at 100-01. This exhibit shows the Yahoo search results, which are evidently a result of Avance's placement of the same advertisement on Bing, and the unedited view of the "Passport Health Clinic" tag line as the second advertisement in the main column, and as the second advertisement listed on the far right "ads" column. Passport did not previously include this version of the advertisement because it felt that the Bing advertisement was more appropriate under the circumstances and a clearer depiction of the infringing activity, but since Avance now refutes the evidence it has previously authenticated, Passport offers this authenticated evidence for the Court's consideration as well. Additionally, Passport vigorously contends that the full extent to which these advertisements ran, how many people saw them, on what search engines, and how many times these advertisements influenced online consumer activity all go to damages, not liability. Damages are not the subject of Passport's motion for summary judgment, only liability for trademark infringement.

Avance next attempts to escape liability for trademark infringement by claiming it had no knowledge or control over its third-party advertiser and thus cannot be held accountable. Common sense dictates otherwise, and Avance's argument is tantamount to permitting willful blindness as a defense to trademark infringement. In North Carolina, "[a] principal is liable for the torts of his agent (1) when expressly authorized, (2) when ratified by the principal, or (3) when committed within the scope of his employment and in furtherance of his master's

4
Case 5:17-cv-00187-BO   Document 75   Filed 09/04/18   Page 4 of 10

business." *Hunter v. State Farm Fire & Cas. Co.*, No. 517CV00224FDWDSC, 2018 WL 3620493, at *4 (W.D.N.C. July 30, 2018). Passport does not contend Avance expressly authorized the trademark infringement. It also does not appear that Avance ratified, at least in any significant manner, the trademark infringement. However, the infringing advertisement was precisely within the scope of the advertising agency's employment and in furtherance of Avance's business—namely, to draw more business to travel health services. Avance's best claim that the third category of the *Hunter* test does not apply is that it told a previous advertising agency not to use "Passport Health." ECF No. 73, at 2; *see also* ECF No. 59, at ¶ 49-51. However, it is undisputed that Avance never gave this instruction to the advertising agency which committed the trademark infringement underlying this litigation—TheeDesign—so this explanation is irrelevant and has no bearing on Avance's agency relationship with TheeDesign or the nature and scope of TheeDesign's employment for Avance. Avance incorrectly concludes that "[a]gency law does not provide any basis to hold System liable." ECF No. 73, at 9. To the contrary, agency law is precisely why Avance is responsible, and Avance has pointed directly to the underlying principle of tort law which gives rise to its liability—the tort, trademark infringement, was committed within the scope of the advertising agency's employment and in direct furtherance of Avance's business. Complicated trademark infringement theories of contributory or otherwise indirect infringement are unnecessary in this case. Avance hired a contractor to perform a task, it did so precisely within the scope of that employment, and to the direct benefit of Avance. To hold otherwise would turn centuries of agency tort law on its head and allow would-be infringers to escape liability any time an advertising agency was involved in the infringement.

Although nothing further is required to establish Avance's culpability for its contractor's

actions, it deserves noting that the law of trademark infringement does not condone willful blindness. It is undisputed that Avance had knowledge of its previous trademark infringement through the 2013 litigation and was thus on notice. Although a claim for contributory infringement is unnecessary here where the trademark infringement was completed by a contractor within the scope of its engagement, the Fourth Circuit has also made clear that willful blindness is no excuse to contributory infringement. *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 164 (4th Cir. 2012). Again, a claim of contributory infringement is unnecessary where the infringement was completed by a contractor operating within the scope of that contract, but even if that were not the case, willful blindness could not have served to escape the infringement.

Avance next turns to discussing the Ninth Circuit's initial interest confusion test for trademark infringement, which Passport agrees, has been explicitly rejected in the Fourth Circuit. *Lamparello v. Falwell*, 420 F.3d 309, 316 (4th Cir. 2005) ("we have never adopted the initial interest confusion theory; rather, we have followed a very different mode of analysis, requiring courts to determine whether a likelihood of confusion exists by examin[ing] the allegedly infringing use *in the context in which it is seen by the ordinary consumer*") (internal quotations omitted). Avance and Passport disagree, however, as to the relevance of anything else in the *Lamparello* decision. *Lamparello* stands for the proposition that when the alleged trademark infringement is the use of a registered mark as a domain name on a website, the context which matters for consumer confusion is the website for that domain name. *Lamparello* has nothing to do with infringing advertisements that appear in search results with the infringing content in the advertisements themselves. Put differently, the present case has nothing to do with *Lamparello*. The context in which an infringing search engine advertisement is seen is the search engine result showing the advertisement. The website a consumer is eventually directed to is not the

context in which the infringing advertisement is seen by the consumer. As discussed at length in its response in opposition to Avance's motion, Passport has already argued that not only is Avance's website irrelevant, but so too are its physical facilities as those are not the "context" in which the consumer encounters the infringing advertisement. *See* ECF No. 68, at 13-14. Passport is not asking the Court to adopt an initial interest confusion standard by suggesting that the infringing advertisements are sufficient for infringement alone. They are full advertisements seen in the context of search engine results. In these very results, Avance has held itself out as a "Passport Health Clinic" to the world.

Avance next turns to its argument that the absence of any evidence of actual confusion means there cannot be any likelihood of confusion and this case must be dismissed. These assertions run directly counter to the black-letter law. Due to the difficulties inherent in trying to find instances of actual confusion, the Lanham Act requires only a finding of likelihood of confusion, __*not*__ actual confusion, to prevail on a claim for trademark infringement. *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463 (4th Cir. 1996) ("The test is *likelihood* of confusion; evidence of actual confusion is unnecessary."); *see also* 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:12 (5th ed.) ("To prove liability, the plaintiff is not required to prove any instances of actual confusion."). "As the Second Circuit observed: '[I]t is black letter law that actual confusion need not be shown to prevail under the Lanham Act, since actual confusion is very difficult to prove and the Act requires only a likelihood of confusion as to source.'" MCCARTHY, at § 23:12 (*quoting Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 872 (2d Cir. 1986)). "Actual confusion or deception of purchasers is not essential to a finding of trademark infringement or unfair competition, it being recognized that reliable evidence of actual instances of confusion is practically almost impossible to secure."

7

*Harold F. Ritchie, Inc. v. Chesebrough-Pond's, Inc.*, 281 F.2d 755, 761 (2d Cir. 1960) (internal quotations omitted).

Passport need only show a likelihood of confusion to prevail on trademark infringement. Fourth Circuit courts have held a presumption of likelihood of confusion may be applied where the junior user copies a mark identically for the identical services. *See, e.g.*, *Osem Food Indus. Ltd. v. Sherwood Foods, Inc.*, 917 F.2d 161, 165 (4th Cir. 1990); *Putt-Putt, LLC v. 416 Constant Friendship, LLC*, 936 F. Supp. 2d 648, 659 (D. Md. 2013). Even if this Court does not apply the presumption that an identical mark for identical services to near-identical consumers is likely to cause confusion, the *Pizzeria Uno* factors still show a strong likelihood of confusion when the infringing mark is identical to the registered mark.[1] The absence of evidence of actual confusion does not weaken Passport's claims under governing Fourth Circuit law.

Finally, Avance contends that Passport slept on its rights and therefore laches should apply, but this is simply not true. Passport brought suit in 2013 after multiple cease and desist letters failed to convince Avance to cease its activity. Passport reasonably relied on the representations of Avance that it had ceased the infringing activity and the fact that it appeared outwardly to Passport to be the case. As Avance has pointed out, while there is evidence the Google advertisement were discontinued, there is no evidence as to whether the Bing infringing advertisements were actually ended in 2013. *See* ECF No. 59, at ¶ 54-55. Avance would have the Court infer that the advertisements were never turned off, and the Passport slept on its rights because it did not notice this (inferred) anomaly. However, Passport believes the opposite inference is just as likely given Avance's frequent change of agencies—the Bing advertisements were turned off, but subsequently turned back on by a new agency. Regardless, the evidence

---

1 Passport has addressed the likelihood of confusion factors—the *Pizzeria Uno* factors—in multiple filings and refers the Court to those arguments rather than regurgitating in detail here. *See* ECF No. 57, at 9-16 and ECF No 68, at 7-16.

does not resolve that question. However, this does not mean Passport slept on its rights and that a laches defense is proper. Passport brought its claims as soon as the problem came to its attention again.

In conclusion, Avance has not refuted the obvious answer to the fundamental question presented in Passport's motion: did Avance use a mark identical to Passport's registered trademark to advertise the identical services to near-identical consumers? The undisputed evidence answers this question on its face, and trademark infringement liability is established. Passport respectfully requests that the Court grant its Motion for Partial Summary Judgment, holding Avance liable for trademark infringement, thus leaving only the question of damages to be resolved at trial.

Respectfully submitted this the 4th day of September, 2018.

>*/s/ Charles A. Burke*
> Charles A. Burke, N.C. State Bar No. 19366
> Jacob S. Wharton, N.C. State Bar No. 37421
> John D. Wooten IV, N.C. State Bar No. 51074
> WOMBLE BOND DICKINSON (US) LLP
> 300 N. Greene Street, Suite 1900
> Greensboro, NC  27401
> Telephone: (336) 574-8090
> Facsimile:  (336) 574-4520
> Email:    Charles.Burke@wbd-us.com
>           Jacob.Wharton@wbd-us.com
>           JD.Wooten@wbd-us.com
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2018, the foregoing **REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** was filed using the Court's CM/ECF filing system, which will provide notice of the filing to all counsel of record as follows:

Anthony J. Biller
MICHAEL BEST & FRIEDRICH LLP
2501 Blue Ridge Road, Suite 390
Raleigh, NC 27607
984-220-8750
877-398-5240 (fax)
ajbiller@michaelbest.com

James R. Lawrence, III
MICHAEL BEST & FRIEDRICH LLP
2501 Blue Ridge Road, Suite 390
Raleigh, NC 27607
984-220-8746
414-277-0656 (fax)
jrlawrence@michaelbest.com

                                       */s/ Charles A. Burke*
                                       Charles A. Burke