IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-187-BO

| | | |
|---|---|---|
| PASSPORT HEALTH, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| AVANCE HEALTH SYSTEM, INC., | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for partial summary judgment and defendant's motion for summary judgment. Also before the Court are plaintiff's motion to amend/correct complaint and defendant's motions to seal. The appropriate responses and replies have been filed, and a hearing on the pending matters was held before the undersigned on October 18, 2018, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling and, for the reasons that follow, defendant's motion for summary judgment is granted.

## BACKGROUND

Plaintiff instituted this action by filing a complaint on April 19, 2017, alleging claims against defendant for trademark infringement under 15 U.S.C. § 1114, trademark infringement under 15 U.S.C. § 1125(a) (passing off), unfair and deceptive trade practices under North Carolina General Statute § 75-1.1, breach of contract, and common law unfair competition. Plaintiff's claims are alleged to arise from defendant's unauthorized use of plaintiff's federally registered PASSPORT HEALTH trademarks in connection with providing, promoting, and selling travel health and medical services, including but not limited to immunizations and wellness services. Plaintiff's registration No. 2,058, 410 was issued to registration on April 29, 1997, was declared incontestable on November 20, 2002, and was renewed on January 25, 2007; No. 3,622,317 was

issued to registration on May 19, 2009; No. 3,642,535 was issued to registration June 23, 2009. [DE 1] Cmp. ¶ 12.

Plaintiff, Passport, is a company which, through its franchisees, provides travel-related medical services under its PASSPORT HEALTH marks.[1] Cmp. ¶ 1. There are over 250 Passport Health locations in forty states, as well as locations in Canada and Mexico, all of which use the PASSPORT HEALTH marks extensively. *Id.* ¶ 13. Passport has licensed franchisees in North Carolina and specifically in this district. *Id.* ¶ 4. Avance Care, P.A. provides family and primary medical care services to patients at ten locations in the Triangle area of North Carolina. Avance Care provides a wide-range of health services, including immunizations and travel-related services. Defendant, Avance Health System (Avance), provides back-office support to Avance Care, including accounting, records management, and marketing and advertising support.

In 2008, Avance contracted with a local internet marketing company to provide internet-based advertising and search engine optimization. As a part of this service, the marketing company, Atlantic Business Technologies (ABT), purchased AdWords from Google and Bing. AdWords are search keywords that may be purchased from internet search engines such as Google and Bing. When an internet user searches using an AdWord, a sponsored or paid advertisement will appear in the search results in portion of the webpage that is set apart from the unpaid or natural search results. *See generally Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1045 (9th Cir. 1999); *CollegeSource, Inc. v. AcademyOne, Inc.*, No. CIV.A. 10-3542, 2012 WL 5269213, at *5 (E.D. Pa. Oct. 25, 2012). Included in the group of AdWords purchased by ABT was the AdWord "Passport Health" on the internet search engine Google.

---

[1] Unless otherwise noted, the factual background is derived from defendant's statement of undisputed facts and plaintiff's response to the same. [DE 59 & 66]. The material facts generally do not appear to be in dispute, although the parties do not agree as to which facts are material.

In early 2013, Avance received a cease and desist letter from Passport regarding its use of the Passport Health AdWord on Google. Avance instructed ABT to stop purchasing Passport Health as an AdWord. Passport then voluntarily dismissed a lawsuit that it had initiated against Avance, but not served, after ABT stopped purchasing the Passport Health AdWord. Avance later terminated its relationship with ABT and hired two subsequent marketing firms, most recently TheeDesign in November 2014.

Plaintiff filed this suit in April 2017 for use of the Passport Health AdWord on Bing. Bing data is archived for three years, and data that was retrieved for 2014 shows that Avance continued to purchase the Passport Health AdWord on Bing. The Bing results page for the search "passport health raleigh nc" includes Passport's website as the first natural search result appearing in the center of the webpage. Avance's advertisement, which reads: "Passport Health Clinic – Serving the Triangle Metro Area in NC www.AvanceCare.com . . ." is on the right side of the screen and is labeled as an "Ad". A copy of the advertisement about which Passport complains is included below:[2]

---

[2] In reply to its motion for summary judgment, Passport also provided a copy of an Avance Care advertisement which appeared as a result of a Yahoo search, the data for which was apparently pulled from Bing. [DE 75-4]. However, because that exhibit does not provide a snapshot of the context in which a consumer would see the Avance Care advertisement, the Court relies on image below.

3



During the three-year period leading up to this lawsuit, Avance's Bing Passport Health AdWord resulted in forty-one clicks, seven of which occurred in the month this suit was filed. It is undisputed that there is no evidence that a consumer was actually confused by the Avance's Bing advertisement.

## DISCUSSION

Passport has moved for partial summary judgment in its favor, arguing that it is entitled to judgment in its favor on counts I, II, and III of the complaint, which allege that Avance infringed Passport's PASSPORT HEALTH trademarks and engaged in unfair and deceptive trade practices. Passport also seeks to dismiss Avance's defenses of unclean hands, waiver, laches, and estoppel.

Avance has moved for summary judgment in its favor on all claims, arguing that Passport's Lanham Act claims and claims of trademark infringement under different theories fail, and that Passport's breach of contract claim further fails for lack of consideration. Alternatively, Avance requests dismissal of Passport's breach of contract claim under 28 U.S.C. § 1367(c)(3).

A.  Legal Standards

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Thus, when considering whether summary judgment is appropriate, "the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal quotation and citation omitted). When deciding cross-motions for summary judgment, a court considers each motion separately and

resolves all factual disputes and competing inferences in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

The Court begins its consideration of the summary judgment motions with Passport's Lanham Act trademark infringement claims. The Lanham Act protects consumers from confusion due to the misleading use of trademarks by competitors. *Radiance Found., Inc. v. N.A.A.C.P.*, 786 F.3d 316, 323 (4th Cir. 2015). To prevail on a claim for trademark infringement, a plaintiff must prove first that its marks are protectable and second that the defendant's use of the marks is likely to cause confusion among consumers. *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 158 (4th Cir. 2014). "Likelihood of confusion exists if 'the defendant's actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question.'" *CareFirst of Maryland, Inc. v. First Care, P.C.*, 434 F.3d 263, 267 (4th Cir. 2006) (citation omitted). To determine whether there is a likelihood of confusion, courts consider the following non-exhaustive list of factors, with the understanding that each factor is not necessarily applicable in every case:

    a) the strength or distinctiveness of the mark;
    b) the similarity of the two marks;
    c) the similarity of the goods/services the marks identify;
    d) the similarity of the facilities the two parties use in their businesses;
    e) the similarity of the advertising used by the two parties;
    f) the defendant's intent;
    g) actual confusion.

*Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984). While not required, evidence of actual confusion is "often paramount" in analyzing whether there is a likelihood of confusion. *CareFirst*, 434 F.3d at 268; *see also Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 108 (4th Cir. 1991). Whether there is a likelihood of confusion is an inherently factual issue. *Swatch*, 739 F.3d at 155.

6

B. <u>Analysis</u>

Passport complains of trademark infringement in two contexts. First, Passport claims that Avance infringed on its PASSPORT HEALTH marks when it purchased the AdWord "Passport Health" from Bing. Cmp. ¶ 14. As Avance argues, however, Passport has failed to identify any decision which has held that the mere purchase of an AdWord from a search engine constitutes trademark infringement, and the Court is unpersuaded to hold so here. *See J.G. Wentworth, S.S.C. Ltd. P'ship v. Settlement Funding LLC*, No. CIV.A.06-0597, 2007 WL 30115, at *6 (E.D. Pa. Jan. 4, 2007) (no infringement for purchase of AdWord as no likelihood of confusion); *Gov't Employees Ins. Co. v. Google, Inc.*, No. 1:04CV507, 2005 WL 1903128, at *1 (E.D. Va. Aug. 8, 2005) ("mere use by Google of the GEICO trademark as a search term or keyword, even in the context of Google's advertising program, [does not] violate... the Lanham Act").

Passport also complains about the use or appearance of the PASSPORT HEALTH mark in Avance Care's advertisement, and argues that a finding of infringement in either context is sufficient. Thus, the Court considers whether either party is entitled to summary judgment as to trademark infringement for the appearance of the PASSPORT HEALTH mark in Avance Care's Bing advertisement. The parties do dispute that Passport's marks are protectable, and that the inquiry here turns on whether there is a likelihood of confusion.

Passport argues that it is entitled to judgment as a matter of law because Avance used its identical mark in the Bing advertisement, and therefore there is a presumption of a likelihood of confusion. The cases Passport relies on which found that a presumption of confusion was appropriate are, however, distinguishable. For example, in *Putt-Putt, LLC v. 416 Constant Friendship, LLC*, 936 F. Supp. 2d 648, 659 (D. Md. 2013), the court found a presumption of confusion when analyzing the sixth *Pizzeria Uno* factor – the defendant's intent – where the

7

defendant operated a facility that was once an authorized franchisee of the plaintiff, and continued to use the plaintiff's marks in labeling and advertising. Here, there was no franchisee relationship and it is undisputed that Avance Care does not use any PASSPORT HEALTH mark in connection with its actual facilities; rather, the only issue is whether the appearance of the PASSPORT HEALTH mark in this internet advertisement amounts to trademark infringement. The Court declines to afford Passport a presumption of confusion and will go on to consider the relevant *Pizzeria Uno* factors.

Although it has acquired incontestable status, PASSPORT HEALTH is not a strong or distinctive mark. Where, as here, a trademark has gained incontestable status by not being successfully challenged within five years of registration, there is a strong presumption of predictability and validity, and the mark is entitled to substantial protection. *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 935 (4th Cir. 1995). However, while the *validity* of an incontestable mark may not be challenged, the presumption of strength afforded to the mark by incontestable status may be challenged by a defendant. *Lone Star*, 43 F.3d at 935. Indeed, even an incontestable mark may not be strong. *See H. Jay Spiegel & Assocs., P.C. v. Spiegel*, 652 F. Supp. 2d 639, 649 (E.D. Va. 2009).

"The strength of a mark is the degree to which a consumer in the relevant population, upon encountering the mark, would associate the mark with a unique source," *CareFirst*, 434 F.3d at 269, and there is a greater risk of confusion when a trademark is strong or distinctive. *Kibler v. Hall*, 843 F.3d 1068, 1073 (6th Cir. 2016). Trademark strength is evaluated in terms of conceptual and commercial strength. *Id.* There is a continuum of conceptual trademark strength, with marks being classified as generic, descriptive, suggestive, and arbitrary or fanciful. *Pizzeria Uno*, 747

8

F.2d at 1527.[3] A mark is descriptive when it imparts information directly, and "if it stands for an idea which requires some operation of the imagination to connect it with the goods, it is suggestive." *Id.* at 1528. Marks that are descriptive are only protected when they have acquired secondary meaning. *See Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996).

Aside from relying on a presumption of strength afforded to an incontestable mark, Passport does not argue in its motion for summary judgment that its mark is strong. In arguing that the PASSPORT HEALTH mark is weak, Avance has proffered evidence of a number of other trademarks which include the terms "passport" and "health," and correctly argues that where a number of third parties use a plaintiff's marks, especially where the marks are used for the same or similar services, a finding that there is a lack of conceptual strength is appropriate. *CareFirst*, 434 F.3d at 269-270. This is because if PASSPORT HEALTH were a conceptually distinctive term or a strong mark, "it is unlikely that so many other businesses in the health care industry would independently think of using the same mark or similar variants of it." *Id.* at 270.

Extensive third-party use also cuts against a finding of commercial strength, *id.*, and Passport has come forward with no additional evidence of commercial strength. *See George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 395 (4th Cir. 2009). The Court finds that the PASSPORT HEALTH mark is conceptually weak and, in the absence of any demonstration of secondary meaning or commercial strength, this factor tips in favor of a finding that there was no likelihood of confusion.

The phrase Passport Health was used in the language of Avance's advertisement, and thus the offending advertisement contained language identical to Passport's trademark. However the context of the use was not similar. This is a case about an advertisement on an internet search

---

[3] There is no argument that the PASSPORT HEALTH mark is arbitrary or fanciful.

engine, which requires an examination of the context in which the advertisement was placed and the way in which internet users encounter and treat similar advertisements. "Indeed, in evaluating claims of trademark infringement in cases involving Internet search engines, [the Ninth Circuit] ha[s] found particularly important an additional factor . . .: 'the labeling and appearance of the advertisements and the surrounding context on the screen displaying the results page.'" *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 936 (9th Cir. 2015) (citation omitted). Put another way, "[i]n the keyword advertising context the 'likelihood of confusion will ultimately turn on what the consumer saw on the screen and reasonably believed, given the context.'" *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1153 (9th Cir. 2011) (quoting *Hearts on Fire Co. v. Blue Nile, Inc.*, 603 F. Supp.2d 274, 289 (D. Mass. 2009)).

The webpage which was displayed on Bing after a search for "passport health Raleigh NC" included first and in the center of the page Passport's own website. On the right side of the page, in a column containing smaller print, is first a list of "related searches" and then an advertisement titled "Passport Health Clinic – Serving the Triangle Metro Area in NC" above a line reading "Ad www.AvanceCare.com". A search engine's segregation of the search results on the page so that advertisements appear in separately labeled sections, in smaller or different font, or with shading lessens the likelihood that consumers will be confused. *See Network Automation*, 638 F.3d at 1154. Avance's advertisement is clearly labeled as an "Ad," and its placement on the search results page separate from the primary or natural results and in smaller font further lessens the likelihood of consumer confusion.

Avance has also proffered evidence that should a consumer click on its Bing advertisement, the consumer would be presented with a webpage that clearly identifies its source, Avance Care, and makes no mention of Passport Health. Avance Care's website and Passport Health's websites

are also dissimilar, so a consumer attempting to search for a Passport Health location would recognize that Avance Care and Passport Health are not affiliated. In regard to Avance's intent, Avance has proffered a declaration that it believed that it had discontinued use of Passport Health in internet advertising in 2013, that it had no knowledge of the use of the PASSPORT HEALTH mark on Bing, that it had no intent to infringe or gain any benefit from the use of Passport's mark, and never instructed its marketing companies to purchase the Passport Health AdWord. [DE 60-4] Layden Decl. ¶¶ 9-16.

Perhaps most importantly, there has been no evidence proffered by Passport of actual confusion. While Passport is correct to argue that evidence of actual confusion is not *required*, "the absence of any evidence of actual confusion over a substantial period of time . . . creates a strong inference that there is no likelihood of confusion." *CareFirst*, 434 F.3d at 269. Avance has proffered evidence that the Bing advertisement was clicked 1.4 times per month for the three years which preceded this case, and that only .012% of visits to Avance Care's website during a twenty-six month period came from the Bing advertisement. *See George & Co.*, 575 F.3d at 398 (4th Cir. 2009) ("[e]vidence of only a small number of instances of actual confusion may be dismissed as *de minimis*."). It is undisputed that Bing's share of the search engine market is minimal as compared to Google's, and there is simply no evidence that any consumers clicked on the Avance Care ad and were confused.

In essence, Passport has argued that because the phrase "passport health" appears in Avance's Bing advertisement, trademark infringement has been conclusively established. On the contrary, however, "even when alleged infringers use the *very marks at issue* . . ., courts look to the underlying *content* to determine whether [there is] a likelihood of confusion as to source." *Lamparello v. Falwell*, 420 F.3d 309, 316 n.4 (4th Cir. 2005). Although a few of the *Pizzeria Uno*

11

factors weigh in favor of a finding of confusion – that, without examining context, the mark used was identical and that there is a similarity of services as both Passport and Avance offer travel immunizations and related medical services – the most important factors in this case weigh decidedly in favor of a finding that there was no likelihood of confusion. Specifically, despite its incontestable status, the PASSPORT HEALTH mark is not strong or distinctive in the medical services field; the context in which Avance's Bing advertisement appeared distinguished it as a related search advertisement and not as a natural search result; there is no evidence of actual confusion; and, given the infrequency with which the Avance Bing advertisement was encountered, the opportunity for actual confusion would be *de minimus* at best.

Accordingly, as there are no genuine factual issues which could be resolved in favor of either party, summary judgment in favor of Avance is appropriate on Passport's Lanham Act trademark infringement claims. As it has been established that there was no likelihood of confusion, and because the tests for North Carolina common law unfair competition and unfair and deceptive trade practices in the context of trademark are similar to that for trademark infringement, summary judgment in favor of Avance on these claims is also appropriate. *See Georgia Pac. Consumer Prod., LP v. Von Drehle Corp.*, 618 F.3d 441, 449 (4th Cir. 2010); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987).

The Court in its discretion declines to consider Passport's remaining state law claim for breach of contract, and that claim is dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *Farlow v. Wachovia Bank of N. Carolina, N.A.*, 259 F.3d 309, 316 (4th Cir. 2001).

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [DE 58] is GRANTED IN PART and judgment shall be entered in favor of defendant on plaintiff's Lanham

Act trademark infringement claims, common law trademark infringement claim, and unfair and deceptive trade practice claim. The Court DECLINES to exercise supplemental jurisdiction over plaintiff's remaining state law claim for breach of contract, and that claim is DISMISSED without prejudice. Plaintiff's motion for partial summary judgment [DE 52] is DENIED.

Plaintiff's motion to amend/correct the complaint to join additional defendants [DE 35] is DENIED as MOOT. Because they concern propriety data, business, or financial information, the motions to seal [DE 39 & 65] are GRANTED.

SO ORDERED, this 18 day of December, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE