IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-187-BO

| | |
|---|---|
| PASSPORT HEALTH, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| AVANCE HEALTH SYSTEM, INC., ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's renewed motion for attorney fees. [DE 128]. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion is DENIED.

## BACKGROUND

The Court dispenses with a full recitation of the procedural and factual background of this matter, and incorporates by reference as if fully set forth herein those portions of its order granting defendant's motion for summary judgment. [DE 81]. Plaintiff appealed this Court's entry of summary judgment in favor of defendant and the Court denied without prejudice defendant's motion for attorney fees and costs during the pendency of the appeal. [DE 108]. On August 13, 2020, the court of appeals affirmed this Court's judgment. [DE 115]. Mandate issued on September 17, 2020, [DE 121], and defendant thereafter renewed its request for attorney fees.

## DISCUSSION

Defendant seeks attorney fees in the amount of $257,881.19 for fees incurred through August 19, 2020. Plaintiff opposes an award of any attorney fees in this case and further argues that defendant's fee request is not properly supported and should be denied on that ground. After

a careful review of the record and consideration of the parties' arguments, the Court find that defendant has not demonstrated that fees should be awarded.

Section 35(a) of the Lanham Act authorizes a district court, in "exceptional cases" involving trademark infringement, to "award reasonable attorney fees to the prevailing party." 15 U.S.C § 1117(a). An exceptional case is one where,

> in light of the totality of the circumstances, [] (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable, (2) the non-prevailing party has litigated the case in an unreasonable manner, or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence[.]

*Georgia-Pac. Consumer Prod. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015) (internal quotations and citations omitted). The prevailing party must establish that the case is an exceptional one for which attorney fees should be awarded by a preponderance of the evidence. *Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 484 (4th Cir. 2018).

There is no dispute that defendant was the prevailing party. Though summary judgment was granted in favor of defendant, the Court does not determine that the position of the plaintiff was either frivolous or objectively unreasonable. This case began with defendant's breach of a 2013 settlement with plaintiff due to defendant's continued use of plaintiff's trademark in advertisements on the Bing search engine. As determined by the court of appeals, one of the relevant factors did weigh in plaintiff's favor for a finding of likelihood of confusion, although the remaining factors did not. *Passport Health, LLC v. Avance Health Sys., Inc.*, 823 F. Appx 141, 151-53 (4th Cir. 2020). Pressing a claim that is ultimately found to lack merit does not require a finding that position of the party is frivolous or unreasonable. *Express Homebuyers USA, LLC v. WBH Mktg., Inc.*, No. 18-2353, 2019 WL 6048822 (4th Cir. Nov. 15, 2019).

2

To show that plaintiff litigated the case in an unreasonable manner, defendant cites to plaintiff's failure to resolve the dispute despite defendant having created several opportunities to do so, plaintiff's failure to cooperate in discovery in critical ways, plaintiff's counsel's excessive antagonism during depositions, plaintiff's spoliation of evidence, plaintiff's objectively unreasonable speculative damages theory, and plaintiff's motion to amend the complaint to add a defendant.

The failure of plaintiff to settle the case or accept defendant's offer of judgment was a litigation tactic that was not patently unreasonable in light of plaintiff's theory of the case, which, as discussed above, was not frivolous. As to the conduct of plaintiff and its counsel during discovery, the Court notes that although one request for discovery sanctions was filed by defendant, it was later denied after Magistrate Judge Jones found that sanctions were not warranted. [DE 46]. The poorly photocopied depiction of defendant's advertisement did not amount to spoliation, which refers to evidence which has been destroyed or materially altered, or which a party failed to properly preserve. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Indeed, the Court was able to rely on the photocopy to adjudicate the dispositive motions and ultimately rule in defendant's favor. Finally, though plaintiff sought to amend the complaint to add an additional defendant who it believed was within the scope of responsible parties under the Lanham Act, the motion was denied as moot because defendant prevailed on its summary judgment motion.

Although it would not necessarily condone all of plaintiff's actions in litigating this case, the Court nonetheless finds that plaintiff's litigation manner was not unreasonable. *See, e.g., Choice Hotels Int'l, Inc. v. A Royal Touch Hosp., LLC (NC)*, 409 F. Supp. 3d 559, 570 (W.D. Va. 2019) (failing to respond to summary judgment and effectively abandoning defense amounts to litigating

in an unreasonable manner); *Mars, Inc. v. J.M. Smucker Co.*, No. 1:16-CV-01451, 2018 WL 10483859, at *2 (E.D. Va. Dec. 4, 2018) (egregious conduct necessary to find unreasonable litigation manner and the same was not demonstrated where prevailing party did not raise any significant issues with non-prevailing party's conduct throughout case).

Finally, defendant has not argued and the Court has not been persuaded that there is otherwise a need to advance the considerations of compensation and deterrence in this case.

In sum, having considered the totality of the circumstances, defendant has failed to demonstrate by a preponderance of the evidence that this case is exceptional for purposes of the Lanham Act's attorney fee provision.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for attorney fees [DE 128] is DENIED. Defendant's motion to seal [DE 125] its detailed billing records is GRANTED.

SO ORDERED, this 26 day of January, 2021.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4